Good morning, Your Honors. My name is Robert Powell, appearing here on behalf of Mr. Morales-Izquierdo. This case presents a challenge to the reinstatement policies and regulations of the Department of Homeland Security. Mr. Morales maintains that the reinstatement regulations are ultra-virus to the statute and reinstatement should occur before an immigration judge in an immigration court hearing. We submit that the relevant statutory language is clear and unambiguous. There are two relevant statutory provisions. Section 235A1, which provides that a person who is in the United States who has not been admitted shall be deemed for purposes of this act to be an applicant for admission. So that includes Mr. Morales. Mr. Morales is here. He's married to a U.S. citizen. He has filed an application to obtain his status in the United States. He shall be deemed for purposes of the act to be an applicant for admission. Also relevant, the second statutory provision is Section- What's the status of the petition of the immediate I-30? Of the I-130? That application was initially denied. There's evidence of that in the administrative record. After that was denied, Mr. Morales and his wife refiled the visa petition and that visa petition has now been approved. So the current status of the visa petition, that the so-called I-130 form, is that it has been approved. What is the relevance of that to our decision? Well, that indicates that he's now eligible for adjustment of status under Section- So he's at this point able to, putting aside the issues about what the government argues that he's maybe inadmissible, but at any rate, he's eligible now to file the application for adjustment of status. He won't lose that if he's removed. He can pursue the immediate valid petition and adjustment of status from outside the United States as well as from inside. If he is removed from the United States, then he's not eligible for adjustment of status. That can only be done as the application for adjustment of status is only done in the United States as an applicant for admission, which he- You can get equivalent status if you're outside, can't you? If he's- No, a key petition is you're going to have somebody that- Yeah, if he's outside the United States, then theoretically he would have to go to the U.S. consulate and ask for an immigrant visa to re-enter the United States. If he's deported from- Based on an approved petition. Based on the approved petition, that's correct. When you say theoretically, what do you mean by that? Well, there are difficulties in going to the consulate. If he's deported from the United States, if he's not allowed to adjust status in the United States and he's deported, then he's not eligible to come back into the United States for 10 years. But he's already been deported. That's correct. In connection with his application for adjustment of status, he would be eligible to apply for a waiver, which, under the Perez-Gonzalez case. So the statute allows him to adjust his status as this court recognized in Perez-Gonzalez. So what you're saying is that Perez-Gonzalez is at issue here today? I'm just trying to figure out whether it is or not. I don't- It has not been- The continuing validity of Perez-Gonzalez has not been briefed, as far as I know. That's not an issue in this case. The issue for consideration is whether or not the proceedings here should occur in front of an immigration court, in front of an immigration judge under Section 240. The second relevant statutory provision, the reason we submit why this has to be considered in front of an immigration judge, is that, as I mentioned before, Mr. Morales has to be deemed an applicant for admission. And under Section 240, the sole and exclusive procedure for determining whether a person can be admitted into the United States is a hearing in front of an immigration judge. The statute, those two provisions, are clear and unambiguous. Furthermore- If anybody is covered by the other provision, 241- I'm sorry, Your Honor? Who, if anybody, is uncovered by the other provision, the one having to do with reinstatements? Section 240? The hearing in front of the immigration judge? The provision that says the reinstatement shall be- The one dealing with reinstatements. It does not specify- Oh, Section 241A5 is the reinstatement provision. To whom does that one apply? In order for that to apply, it applies to people for whom three factual predicates are established, that the person was previously under an order of removal, second, that the person was actually removed under that order of removal, departed from the United States under that order of removal, and third, returned to the United States unlawfully. So if those three factual predicates apply to an individual, then that person is subject to reinstatement. Now, in this case- How is that established in your view? In our view, that needs to be established in front of an immigration judge in an immigration court proceeding. Are we challenging any of the determinations, the merits of any of the determinations made by the officer who made those determinations? Yes, we are. Importantly, I think all three of them are at issue. Importantly, the first issue as to whether or not there is a valid order of removal or deportation against this individual is at issue. In this case, I should indicate maybe first of all that the allegations made in the notice of reinstatement are, and the Immigration Service does not contest this, they're incorrect, and they're not really supportable. The allegation is that he was ordered deported in April of 1995, and that's clearly incorrect. That's if you question the date. That's correct. In effect, what they're arguing is that if this case is remanded, the immigration officer would reallege an order of deportation in September of 1994, and there is in the administrative record an in absentia order dated September of 1994. The validity of that order is certainly an issue here. That was an in absentia order for which Mr. Morales never received notice. Isn't there a way to challenge that through a motion to reopen? Well, that does not really work, Your Honor, because the regulations, the governing regulations say after a person has departed from the United States, a motion to reopen will not be considered. In fact, in Areola, exactly that happened. The person was deported and came back to the motion to reopen, and the immigration judge said that he had no jurisdiction to consider that motion to reopen. So the motion to reopen is not really a viable or a workable option. Yeah, but at some point, that's the remedy, isn't it? Well, there does have to be a consideration of the validity of that prior order of removal, and I guess the question is, well, where or how does that occur? The motion to reopen, as in Areola... Why does there have to be an opportunity to challenge and here really collaboratively challenge the prior order? Why is that true? Well, this court has recognized that previously in Areola, for example, in Olverenga, where the court has recognized that a person, as a matter of due process, is entitled to one full and fair hearing. The reinstatement process is predicated on the assumption that there has been one full and fair hearing, but there has to, as the court in Areola recognized, there has to be some way to test that. If a person, for example, in the in absentia context, where a person has never received an order, if that in absentia order is defective, was sent to a wrong address, it's really unfair and unconstitutional to... AQSC 1229A B5C double I covers the situation. So that's the motion to reopen provision? Motion to reopen says if a motion to reopen filed at any time, if the alien demonstrates the alien did not receive notice in accordance with paragraph 1.2, which seems to hold the period open forever if he can show no lack of notice. Right, well, the problem again is twofold. First of all, the regulations provide that a person who has departed from the United States cannot refile a motion to reopen, cannot file a motion to reopen. And then in the Areola case, as indicated early in that decision... Is that a problem that we can take that up in a case where that is an issue? So if you are in that situation, you bring one of these motions to reopen, it's denied on the grounds of that regulation. Maybe that regulation is not valid. I mean, that's a whole other issue that can be handled in that context. I understand. So for example, in the context in which, let's say, there's an in absentia order that issued by an immigration judge, and the person is deported and back in the United States, and then he files a motion to reopen to the immigration judge again, presumably. And then there would be, I suppose, or if there were relevant factual disputes, there would be a hearing in front of the immigration judge to resolve those factual disputes. From which you can get judicial review. I'm sorry? From which you can get judicial review. From which ultimately you could get judicial review. That's correct. So given that, there is process. Why isn't that all the process that's due? Let me try to explain the complication. I mean, that may be adequate process. If, assuming this court then holds that those regulations, that policy of not accepting a motion to reopen is not valid, not appropriate. The question then is whether a person who is apprehended by an immigration officer and subject to reinstatement is to file a motion to reopen, or whether the immigration officer ought to bring that person in front of an immigration judge for consideration of the same issue. Why don't we just follow the law that says there is a motion to reopen? There isn't really a question. The law, you know, Congress could have done many things. It chose to do this one thing. It's written down on paper here in the law. Why isn't that the only correct answer? Well, again, first of all, the statute as written, we submit, is clear and unambiguous in any event. The statute requiring that Mr. Morales be treated as an applicant for admission and that determination as to admission has to be made in front of an immigration judge. We had the panel opinion, and if we thought everybody agreed that it was persuasive, we wouldn't be here. I mean, we understand that argument. We're trying to sort of get a little past it, assuming. Okay, assuming that there's an issue to be resolved there. That complicates or bifurcates the reinstatement decision, then. It makes it much more complicated than it really ought to be. Isn't that up to Congress? Couldn't Congress simply say, look, people who come to this country and are deported once, at that point, don't get any relief in this country. If you want to come back in, you can knock on the door, like millions of people do every year, and ask permission to come in. And the fact that you managed to sneak in a second time doesn't buy you anything. You don't get additional. It's a harsh policy, and I understand there are serious complications, where apparently the man is married and has family and so on. I'm not saying it's a generous policy, necessarily, but Congress has reasons. Why can't Congress say that? Well, in this context, of course, we're talking about a situation in which the person, Mr. Morales, has never had a full and fair hearing, and in which... But he has a way of challenging the lack of fullness or fairness of the hearing, and it's written right here in this section that I read to you. So if he thinks, I didn't get notice, Congress has given him a way to challenge that, which you agree he has not done. So in the reinstatement, if the court adopts that policy, that does complicate the reinstatement process. Am I correct in assessing this time he has been told he does not have that remedy available for this court? That he does not have... This court has not ruled on that. There are regulations that say that a person who's departed cannot file a motion to reopen, and this court noted in the Areola case that the applicant there, the person being reinstated, had filed a motion to reopen, and the immigration judge denied that for lack of jurisdiction. So, but this court has not addressed that or ruled on that issue. The reinstatement process, if we require a person in this situation to file a motion to reopen, then the reinstatement process is in effect bifurcated or complicated in a way. That is to say, a person... What difference does that make? I mean, in 99, 44, 100 percent of the cases, there isn't an absentia order, so the issue doesn't arise. So it's not really a question of whether the statute or the regulation is sort of invalid on its face. Your point is, I take it, that it's invalid as applied to your client. That's correct. But in those cases... Yeah, in those cases where the reinstatement is done and where a person is required to file a motion to reopen, the case is in effect bifurcated, and the issue as to the lawfulness of the prior deportation is resolved by an immigration judge, and any other issues such as, for example, the I-485 application, the waiver application, or whether the person has lawfully reentered are made by an immigration officer. Unless you had an argument about lack of notice, unless you did, you've got an order. It can't be revisited. It's a final order of removal, and there's just no problem, right? But where if the person has not received an in absentia... Whether it's an immigration officer, an immigration judge, or a robot. But where there's a prior in absentia order or challenge, the person does need to be given an opportunity to explain that that prior order was unlawful, that he or she never received notice. What is your view of a procedure that would be followed if there were conceitedly an issue of fact relating to reinstatement? For example, identity. The person says, the photograph you have is of my twin brother. It's not me. Where does that kind of a challenge go, as you understand it? Well, under our argument, under our interpretation of the statute, those issues would be resolved in front of an immigration judge. On the other hand, if we adopt the suggestion that's been made that there should be a motion to reopen, then the motion... Well, there would never be a motion to reopen in this scenario argument, because the person is just the wrong person. That's correct. Then the issue as to the identity would be resolved by the immigration, the enforcement officer. With judicial review available in this court. With judicial review available in this court. That's correct. That's a bit like showing up at the border and saying, I'm a U.S. citizen, and they're saying, no, we don't believe you're a U.S. citizen. You have a passport. They say, yeah, I don't have a passport. I don't usually go to Canada or Mexico with a passport. And then you have to go to a U.S. consulate and prove obviously you're a U.S. citizen, right? Yeah. Yes, I mean, I suppose there would be some mechanism then for the immigration enforcement officer to create a record to take fingerprints or whatever and to create that record, and then that would be ultimately, if there's a controversy about that, reviewed in this court. The only difference is that this person is now in the country, because he's not getting legally, but he's really in the same position as somebody presenting himself at the border, and there's a doubt as to whether or not they should be in this country. It's handled by an immigration officer, not by an immigration judge. Yes, that's correct. I mean, the person who's in the United States and hasn't been admitted is, according to the statute, to be treated as an applicant for admission, as if the person is at the border. Another reason you – I'm sorry. Are you saying that if you show up at the border, you get an immigration judge? There's a doubt as to whether or not your visa is valid or whatever? Yes. Yes, the person – that would be an exclusion hearing or a removal, where a person shows up at the border and there's some dispute about whether the person is really entitled to be admitted, then that issue is resolved in front of an immigration judge. There is an exception for expedited removal, but the normal rule is that the person is entitled under Section 240 to a hearing in front of an immigration judge. And that's why we say the statute is clear and unambiguous, because the person who's in the United States is treated just as the person who's at the border, and the issues as to admissibility are resolved by an immigration judge. Another reason why we submit the immigration judge ought to be used, rather than an enforcement officer, for the decision about reinstatement, is that the record that's created for judicial review is entirely inadequate when it's created by the enforcement officer. That's reflected in this particular case. There are factual disputes about whether or not that prior order of removal was valid or not. Mr. Morales wants to claim that – wants to raise this defense that he was not properly given an order of – the original order of deportation, the notice of the order of the deportation proceedings, and yet the record is entirely inadequate to address that claim. There's – if there's a hearing in front of an immigration judge, and the immigration judge is familiar with the process of creating a record, the person would be given an opportunity to review the prior order – the prior deportation file. We could see whether or not the order to show cause was issued, was issued to Mr. Morales or to somebody else, or was sent to the right address. That record can be created in the – How do we know – excuse me – how do we know that the immigration judge in that circumstance would be able to do that? That is to say, we've already been discussing that one of the mechanisms, perhaps the only mechanism, by which Mr. Morales should be allowed to challenge his initial deportation on grounds of lack of notice, is a motion to reopen. Sounds to me as though you're suggesting that the IJ, upon an attempt to reenter, is in effect adjudicating a motion to reopen. Is that right? Yes, that's one of the things that would be – would be – And is it obvious that the IJ, in that circumstance, has the jurisdiction to do that, absent treating this as a motion to reopen and so on? Well, yes, I believe so, because one of the – again, what the immigration judge, in a reinstatement proceeding, has to resolve are the three factual predicates. One of those predicates is that the person departed the United States under an order of removal. If that order of – if that order of removal, the prior order of removal, was defective, was not served properly, then that – it's not a valid order of removal, and under this court's rulings, the person has not departed under an order of removal. So in order to – in order to adjudicate or address those issues, the immigration judge would have to – But the statute specifically says that those are not available. 241 specifically says that that kind of relief is not available. And there is available relief to set aside the order based on lack of notice. So we have a statutory provision that can be pursued, and yet here we have a statute which is a special question, specifically says those kind – that kind of relief is not available. How do you deal with the statutory language? Well, the statutory language in 241A5, which says that it's not subject to reopening or reviewing, that applies only after the antecedents have been determined. There have to be – those three factual predicates have to be determined first before the – That's in Section 241A5. What is the – 1231. 1231. I'm with you. Okay. I would like to do that, Your Honor. Will you answer my question first? Okay. I'm sorry. Which language here? Okay. In Section 1231A5, it requires if the attorney general determines, then there are three factual predicates, you know, the person departed the United States under an order of deportation. Yeah. Then those consequences follow. So those antecedent determinations have to be made first. Under an order of – has been removed or having departed voluntarily under an order of removal. And reentered unlawfully. Reentered unlawfully. Right. So an immigration judge has to make that determination. You didn't say that. You just said attorney general. Let's say the immigration officer makes his determination. Well, okay, yes. Either the immigration officer or the immigration judge. You believe that the statutory language says other relief is not available. Once those three factual predicates have been determined. Right. Correct. By the attorney general. Not by an I.J., by the attorney general. By the attorney general, yes, but the attorney general has control only over the executive office for immigration review. Or whoever the attorney general delegates. Yes. I would like to save some time if that's – Thank you. Thank you. May it please the court. Jonathan Cohn representing the respondent. Your Honors, the only serious issue in this case is the statutory question. The constitutional issues can be easily resolved for, among other reasons, petitioner's failure to show prejudice. For the same reasons that this court rejected those arguments in the Padilla case. Accordingly, if it pleases the court, I'll first turn to the statutory issues and then to the constitutional issues after that. As for the statutory question, the issue is whether the regulations are ultra-virus. They assuredly are not for several reasons. The first reason is the statute is unambiguous that the relevant decision maker is the attorney general, as Judge Bybee pointed out, not an immigration judge. Congress was clear when it wanted to require an immigration judge. It knew how to use the words immigration judge. It did so in Section 240. It also used those words in Sections 235 and 238. By contrast, in 241A5, the relevant statute issue in this case, Congress did not say immigration judge. Instead, Congress said the attorney general. And the attorney general, of course, has many employees, tens of thousands of employees, who are not immigration judges. And he can delegate to any of them. That's reflected. What is the date on these regulations? These regulations, they were effective in 1999. In 1999, at a time when INS was still part of the Department of Justice. That's correct, Your Honor. There's no question here as to whether the attorney general can delegate his authority to persons who are not employees of the Department of Justice. Correct, Your Honor. And this case, Your Honor, actually arises before the creation of DHS. The reinstatement order was issued in January 15, 2003, a month and a half before DHS was created. So none of those issues are present in this case. This is a purely DOJ case. And under 28 U.S.C. 510, the general delegation provision, the attorney general can delegate to any of his employees. So because the reinstatement statute says attorney general, and because the attorney general can delegate to any of his employees, the statute is clear that an immigration judge is not required. The AG could have delegated to immigration judges, but he also had the flexibility, the discretion not to delegate to immigration judges. So if there are factual disputes, for example, the one that I used in the earlier hypothetical, I'm not the person, this is my twin, and I'm legally here. Those are to be made by whatever delegate of the attorney general is chosen. Is that your position? That's correct, Your Honor. And those factual determinations could be reviewed in a petition for review, as this court held in Alvarenga. This court would review those determinations under the substantial evidence standard. How does the alien have an opportunity to make a record under that scenario? How does the alien have the opportunity to make a record under that scenario? In these reinstatement proceedings, pursuant to the regulations 241.8, the alien has an opportunity to make a statement, to present any oral or documentary evidence that he chooses, and that's how he can present his evidence. And he did so in this case. On page 6, he made a statement. There are questions and answers. And if you look at the record, it's clear that in this case, none of the three factual predicates are in dispute. Sure, Mr. Morales disputes some dates, but the essential factual predicates are not in dispute. He is an alien who was ordered removed. He left, and he came back. It doesn't even matter if his departure was voluntary, because the reinstatement statute covers the voluntary departures. As this court held in Galo Alvarez, a decision that Judge Thomas Penn joined by Judges Pregerson and Gould. So the only issues are, is there an order of removal? Did he leave, and did he come back illegally? And there's no dispute in this case that all three of those elements are met. So by the plaintiff's… How does he challenge the order of removal? The underlying order of removal? The underlying order of removal. Sure, Your Honor. In this particular case, there's an idiosyncratic posture. This case arose before the REAL-ID Act, and Petitioner filed a habeas case before the REAL-ID Act, challenging the underlying order. He was allowed to do that under this court's decision, Ariola. Because that case was pending on the enactment date of the REAL-ID Act, May 11, 2005, that case should have been and should be transferred to this court, and then this court can review the underlying order. There are several reasons of why that underlying order should not be disturbed, which I'm more than happy to get into, but those issues really aren't present in this case. I do note, however, that as Judges Kaczynski and Reimer pointed out earlier, Petitioner simply failed to exhaust, and that should be held against him. The proper mechanism for him would have been to pursue a motion to reopen, and he declined to do so. What about this regulation that opposing counsel points to that seems to say that once you've departed, you can no longer… He's correct in that score, Your Honor, but he had close to four years after the order was issued in which he could have filed a motion to reopen. He didn't. He didn't exercise any due diligence to find out about the order, which I'm sure he knew about anyway, and he didn't make any effort to move to reopen that order. Let's assume for a moment that he does not know about the order. He waits several years. He then departs voluntarily, not knowing that he's subject to a deportation order. He comes back in. Are you saying he's out of luck, period, under any circumstances and under any scenario? No, Your Honor. A couple things. First of all, that isn't this case. That would be a hypothetical future case. That's treated as hypothetical. And what the Petitioner should do in that case, Your Honor, as Judge Kaczynski pointed out, is apply from abroad. He can apply either from the consulate abroad or he can knock on the door. Apply for what? Reopening? He could apply for a visa from abroad or he could… I think your answer is no. He can't apply to reopen if he's abroad. No, actually, that's not correct, Your Honor. As Petitioner pointed out, one thing he could do is knock on the door at the port of entry, and if he's placed in 240 proceedings, then he can challenge the underlying order. So instead of making a legal reentry, if he knocks on the door and says, hey, look, you know, I didn't get a chance before, reopen it, he can do that and the board has recognized it through its decisions, for instance, if there's a gross miscarriage of justice, they can reconsider that original order. So he had an option to do that from abroad, even in this case, Your Honor. But, of course, in this case, it's not that hypothetical. Could you explain that one more time because I'm having trouble? Let's say he is exactly in this situation, and instead of coming at the board, let's say he goes to the consulate, the U.S. consulate abroad and says, okay, I have a situation, I realize now I've reported myself, I leave, I was not aware of the order, the order was restored on me. What happens in that situation? In that situation, he can get a visa and the original order would be irrelevant.  How can he get a visa once he has been deported? Because if he has not made an illegal reentry, there are waivers available to him. So he has the admissibility bars under Section 212. If he has to get a waiver, he can't really litigate the question of whether the order was, whether he was obviously... Not from the consulate, but he can if he knocks on the door at the port of entry and says, look, something happened here, gross miscarriage of justice. If he's placed in 240 proceedings, then he can challenge the original order. And is gross miscarriage of justice the same standard as motion to reopen, or is it a different standard? It's a different standard. The motion to reopen, if you didn't get notice, you don't have to show any gross miscarriage of justice, so it would be a higher standard, Your Honor. So the short answer is, no, he cannot make a motion to reopen, or its equivalent, once he leaves, voluntarily deporting himself, not knowing of the order of deportation? Correct. He has other remedies, but not that one, Your Honor. What is the object of that answer? Your Honor, with respect... Yeah. Thank you, Your Honor. We need help in the courtroom. Volume control. Courtroom 16. I need to just... I need to work it out. Do we still... We had a moment... We had a moment of silent prayers with the poor immigrants. What? We still have the judges on the phone? This is Judge Gould, I'm still here. I had a buzzing for a while there, but... You're not the only one. Judge Hawkins, are you still there? Yeah, I did a little with Judge Gould. And what was my question again? If he goes knocking on the door, he's not going to get the visa right away, is he? He wouldn't be getting... In 10 years? Well, because he made the illegal re-entry, you're correct. Now it would be 10 years. But before the illegal re-entry, there wasn't the automatic 10-year bar. He'd get the waiver after the first day. Now, because he made the illegal re-entry, he's barred under 212A9C. But before that illegal re-entry, he didn't face that bar. He got married in 1998, yes, Your Honor. If I may, Your Honor, there are a couple... No, well, his original visa petition prior to the reinstatement was denied because he failed to appear. But then he filed a new I-130 after the reinstatement decision, and that one was granted. The adjustment application and the waiver under I-212 are still pending. If I may, Your Honor... What's holding him back right now, Your Honor, is that he cannot obtain adjustment of status because under the reinstatement statute, you cannot get any relief at all. Not adjustment, not anything else. He's not eligible for that relief under Section 241A5. If I may, I want to say something about this sort of concern. I was a... I was a... I was a immigrant. I was here... How am I supposed to figure all this out? What to do? I'm not at the border. What the effective dates are. As with... As with most laws... Most immigration lawyers don't even know all these dates. We have some very good ones here today. They've got this down to the subsection of regulations. But how am I supposed to know all this? Well, Your Honor, many laws are extremely complicated and we assume that people have to know the law. And complicated or not, ignorance of the law is no excuse. And the same is true in immigration law. If I may, Your Honor, I want to turn to the... Pardon? Yes. I want to turn to the concerns I sense the Court has about the scenario where the alien... I'm not very good at the ear. The Court has concerns about the situation where the alien... We can't hear you folks down there anyway. Sorry. The Court appears to have concerns about the scenario where the alien has no notice of his removal order, no notice he's going to be removed, and is picked up in the dead of night and is just taken away. I assure you that once you get the District Court case transferred to you, you'll see that's definitely not this case. Moreover, in this case, as I mentioned earlier, Petitioner cannot show any prejudice whatsoever. There's no dispute that he was here legally in 1994 when he was ordered... It hasn't been transferred yet. We moved to transfer, but it's not been... Yes, Your Honor. Yes, Your Honor. Yes, Your Honor. If the Court rules in that case that the original in absentia order is invalid, then Petitioner cannot be removed and the original order cannot be reinstated. But I assure you there are four reasons... With respect, Your Honor, I agree this Court should hold this case in abeyance, wait for that case to arrive, and then decide it all at once. I agree, Your Honor. You already denied the relief, which would be the... I agree, Your Honor. I agree entirely this Court should hold this case in abeyance, wait for that case that should have been transferred before, and decide it all at once. And if this Court... We... I apologize. I love Portland, Your Honor, but I understand your concerns. With respect, Your Honor, I do feel horrible about this. We didn't learn about the scope of that. In the Western District of Washington. And it should have been transferred on May 11, 2005. The same attorney for Petitioner is here today is on that case. The government feels horrible. We did not recognize the issues in that case first. If we did, we would have moved the transfer months ago. We did attempt to notify the Court last week about it. In any event, there are four independent reasons... Was it an unsuccessful attempt? To notify? Oh, no. To notify the Court last week. I received a notice, but what happened? I checked... Judge Fletcher, yes. I checked on Pacer, and the notice was received by the Ninth Circuit. I don't know what happened internally after that. I'm sorry, we can't move. I don't know what situation we have. I can't hear, Judge Thomas. I'm having the same problem. It may be the microphone's there. We're all having a problem, so... This is where it goes. So... Two points on that, Your Honor. First of all... So, could you repeat Judge Thomas' question? Yes, Your Honor. He was wondering what opportunity the alien has to develop a factual record... and what the Court should do when the record is not developed. With respect to that, two points, Your Honor. First of all, the alien does have an opportunity... during the reinstatement proceedings to develop the factual record. He can make a statement. He can submit any documentary evidence. Second, as this Court held in Gallo-Alvarez... in the decision written by Judge Thomas... joined by Judges Gould and Pragerson... if need be, this Court can remand the District Court under 2347B3. That's what the Court did in that case. And if need be, the Court could do it. It shouldn't do so in this case... because there aren't any material factual disputes. When you say this case, you really don't mean this case. You mean the other case, the one that's being transferred to us... the one that's being transferred to us from the Western District of Washington. No, Your Honor. I believe Judge Thomas is now talking about the reinstatement case... which is the one that's currently pending before this Court. Well, not necessarily. Yeah, I wasn't sure, because it seems to me that... the challenge that Judge Thomas was talking about... and I don't mean to change the question, Judge Thomas, but... Feel free, you've got the mic. That's right. I think you have to sort of have this middle ground. And I paid for this mic. The... As long as the question is, what happens... to challenge the very issue that is the subject of the habeas case... which is, I didn't get noticed. And that, it seems to me... and, you know, there's no record there... because of the abbreviated administrative proceedings. And your answer was, in this case, you said this case. Correct. But I think the answer is, in that case... one answer might well be that the record is not developed... and if the alien makes a proper case... one possibility is to send it to the district court. Another one is to send it to our appellate commissioner... which was another possibility. What I would suggest, Your Honor, is... Or we could have fact-finding on appeal. What do you want us to do? There aren't any factual issues in that case, which you'll see when you get it. But in a future case, if there was a factual issue... with respect, I'd recommend the 2347B3 route. Remand it to the district court for a hearing on the factual issue. But in this case, as you'll see when you get that habeas case... there aren't any factual questions. The case can be dismissed on a number of grounds... including lack of prejudice. That, of course, remains yet to be seen. We don't know yet. Can I ask a question in an abstract sense, then? Because I'm getting confused. What if somebody comes back to the border... is greeted by an immigration officer... who reinstates a prior deportation order? But let's say that he had the opportunity... or had the opportunity to have a... the sort of hearing that apparently is coming to us on a separate case. Once he gets an adjudication, if that's the right word... out of his immigration officer at the border... is that the end of it? And does that foreclose or cut off that other proceeding? I'm trying to figure this out. Why are we waiting for this other proceeding? I mean, if we were to decide now... that the immigration officer, number one... had jurisdiction to decide it... and number two, we don't have jurisdiction to review that... is this other suit that's now coming to us... would that then automatically become moot? No, Your Honor. There are a couple of things. First of all, the alien who's at the border... is not subject to reinstatement. He's not made the illegal entry. The other habeas case has nothing to do with that. The habeas case was filed around the same time... that this petition for review was filed... after Petitioner had been in the country for a couple of years. So I'm not sure if I'm answering your question, Your Honor. But that habeas case has nothing to do with the scenario... of the alien knocking on the door at the port of entry. How about the scenario of this case? What I'm trying to do is to put it into this case... so you have an immigration officer... who has reinstated the prior order of deportation. Yes, Your Honor. In this case, there was an immigration officer... who reinstated the prior order of deportation. That's right. That's what I'm after. So what happens if that happens? Is any other proceeding that he might have in a parallel... for example, the one coming up to us... has that case become moot? No, Your Honor. As I think... In this case... Well, in that case, why are we waiting for it? In this case... He should wait for it in this case... because the predicate legal question... is the one at issue in the habeas case. If the original order is invalid... there's nothing to reinstate, as Judge Graber pointed out. So the court should hold this case in abeyance... wait for that case, resolve the validity... But what if we were to say... Well, you know, the IJ... excuse me, the immigration officer... had the power to reinstate. We don't yet know whether it's valid. That's a separate proceeding. You could do that. I would suggest the court shouldn't address that second question... until it resolves the predicate question... of the validity of the underlying order. But the court could do that... address both issues... take care of the original order... and the reinstatement question. Do you want us to consider... vacating the decision of the panel... in this case... and to get you in and out? No, Your Honor. I don't think we should. To the panel... to wait for the other case to be transferred? No, Your Honor. What I would suggest is... you hold this case in abeyance... wait for the habeas to be transferred. As you'll see, that habeas case... the claim made in it... should be rejected... for four independent, clear reasons. The court should reject it... and then proceed to the reinstatement issues... that have been teed up... for this en banc court. So, in other words... if I understand your position... it is... decide the validity... of the underlying order first... in the habeas case... that should be transferred. And if it's invalid... this case goes away... and if it's valid... the questions raised here... remain pertinent. Exactly, Your Honor. That's right, Your Honor. And again, the most relevant issue... in this case... is the statutory issue... and the statutory issue... should be easily resolved... for a number of reasons. First and foremost... the statute is unambiguous. Congress knew how to say immigration judge. It didn't do so here. It said attorney general. Petitioner makes the argument... that he falls within 248.3... but he doesn't. 248.3 is the exclusivity provision. That applies in only two circumstances. Number one... if he's been admitted... if he's being removed... he's not been admitted... that circumstance is not valid. Number two... if the proceeding... That's right, Your Honor. Would whoever is on the telephone... please mute... hit the mute button... because we're picking up noise. Thank you. Yes, Your Honor. This is a case that arises... before the creation of DHS. It's not inconsistent... to have a statute that says... that an immigration judge... must hear certain types of cases... and another provision that says... when the attorney general decides. Because the attorney general... has the power to overrule... the immigration judge... or the BIA... as I recall. They're not inconsistent... but 248.3 doesn't apply in this case. Petitioner's argument is... he's entitled to full 240 proceedings. Before an immigration judge... because he falls within the scope of 248.3. His argument is... and 248.3 again... applies to only two circumstances. Number one... to remove an admitted alien... he's not been admitted... that doesn't apply. Or second... proceedings to admit an alien. And reinstatement proceedings... are not proceedings... to admit an alien. Petitioner is an applicant for admission... as he points out. But reinstatement proceedings... are not proceedings... to resolve that application. Reinstatement proceedings... You're reaching further than you need to. I mean... the attorney general... could very well have assigned... this responsibility... to an immigration judge as well. Exactly, your honor. He had that discretion. He had... I mean... you don't have to... say that the two provisions... require assignment to different officers. Oh, no. We agree that... If the regulation had provided... that both kinds of decisions... go to an IJ... those would have been perfectly okay as well. Yes, your honor. I apologize for any confusion. My point was simply... we're not required... to have 240 proceedings... before an IJ. 240A3 does not require us... to have those proceedings... before an IJ. The attorney general... could have elected... to have those proceedings... but he chose not to do so. The statute is unambiguous... that an immigration judge... is not required. But... even if the statute... were ambiguous... then under... for several reasons... the ambiguity should be resolved... in the government's favor. First of course... there's Chevron deference. Second of all... there's a legislative history... where Congress made clear... it wanted to eradicate delay... reduce delay... and that's what the regulations do. And also... there's the policy behind it. Put it this way... no one disputes... that we don't need to have... an immigration judge... to execute a removal order... the first time it's being executed. This case involves... the second execution. And it makes no sense... to require an immigration judge... the second time it's executed... if there's no immigration judge required... the first time. The only difference is... the intervening criminal act. And if no I.J. is required... the first time... no I.J. should be required... the second time. It would be in a sense absurd... to read the statute... as requiring an immigration judge. I know that you meant that... for that part. But... I'm still a little confused... as to the mechanics of all this. How do we get that... ambiguous case here... removed... or transferred... and what has to happen next? The district court shall... according to Real ID 106-C... shall transfer that case... to this court. It should have done so already... but it shall transfer that case... then it comes to this court... and pursuant to 106-C of Real ID... that case then gets treated... like a timely petition for review... that's before this court. And this court would then have jurisdiction... to resolve that habeas case. The only new claim in that case... is the claim regarding the validity... of the underlying order. And for reasons... I'd be happy to get into now... if the court wants to. But... so the underlying order... is certainly valid. So those are the mechanics. And again... I recommend this court... hold this case in abeyance... until that case gets transferred... resolve the validity... of the underlying order... and then after it affirms... the underlying order... reach the reinstatement questions. And for the reasons... we articulated in our brief... the court should hold... that the statute... is consistent with the regulations... and that the regulations... are not unconstitutional. This is Judge Hawkins. Real idea was effective... the second week in May? May 11th, 2005, Your Honor. When did the government... notify this court... of the pendency... of the Western District litigation? We apologize, Your Honor. It was just last week. It was a miscommunication. We feel horrible about it. We learned about the substance... the content of that habeas... in preparation for this argument. I'm sure Mr. Powell... feels horrible as well. He's the attorney on both those cases. It was a mess up. And we do feel horrible about it. If it pleases the court... Was the district court... required to transfer the case... without motion to us? Our position is yes... because the statute is unambiguous... in 106C. Is it the district court... should feel horrible as well? Perhaps, Your Honor. Okay, thank you. Thank you very much. Yes, Your Honor. Regarding the habeas petition... if that's transferred to this court... actually, the statute requires... that it be treated as a petition for review. Under the Real ID Act... the habeas court does not have jurisdiction... any longer to review... final orders of removal. Furthermore, once the case is transferred here... the habeas petition... I should also indicate... that there are several different claims... involved in that habeas petition. Some of those properly stay in the habeas court. The one issue that was raised... this was filed, of course, before the Real ID Act... a claim challenging the prior order of reinstatement. That can be transferred here... to the Ninth Circuit. But because of the... It should be, I assume. Right. It's required to be in the law. Right. Then, when that arrives here... under Section 242b-4... when the court addresses... the challenge to the validity... of that original deportation order... and the court looks at the reinstatement order... the court reviews that decision... only on the basis of the administrative record... created by the agency. The court has the record that's relevant... for purposes of the claim now. Let me interrupt you for a second. I'm turning to... We devised the procedure in Gael Alvarez... where we remanded for factual inquiries... by the district court on a petition for review. I realize there are some restrictions on that. The government here seems to believe... that that mechanism is available... even under Real ID Act... and under these circumstances. What's your response to that? I think there is a problem with that. The problem is partly with the Real ID Act... but also particularly with respect to Section 242b-4a... which requires that the court decides the petition... solely on the administrative record... on which the order of removal is based. That would seem to preclude the transfer... under Section 2347b... because any evidence that the district court received... under 242b-4... is not supposed to be considered... when the court considers the validity of that agency action. Are you agreeing with the government... that if it was against us... there's nothing we can do but uphold the validity of the order? Uphold the validity of the reinstatement order? No. Uphold the validity of... of the removal order. Our position would be... that there's not an adequate factual basis... to make that determination. Where does that factual... So what could this court do? It would remand back to... either the enforcement officer... or we submit to the immigration judge... where the record can be created. It's our position that when a person brings... But that's an issue to be taken up in another case... after briefing on that issue. I don't think we're prepared to rule on this issue in this case. It would be purely hypothetical. Right, but if... And why isn't the government's suggestion... of holding this case in abeyance... waiting for that case to come along... and deciding a case... subject to whatever additional briefing... might be required to resolve... these very questions you're talking about. Why is it not perfectly sensible? Because once that issue gets here... the question will be whether or not that prior... the original order of deportation... was lawful or not. There's no... the record... There hasn't been... a record created... for purposes of that determination yet. The... That's a difficult... We can't tell that in this case. We can't tell that... until we get the other file, correct? Right, but then when the court... is making that determination... You're not really saying... that we can't wait. If we do wait... we're going to find ourselves right back... where we are shortly after that. Yes, that's... We'll see when we get the case. The only harm that will be done... is another trip... a little more delay... a little more time, more briefs... and the client is here. And then the question will be... whether... remand that to the agency... for purposes of developing the factual record... and give the person an opportunity... to respond to what... And that would be an issue in the next case. Ultimately, I think it would... That's... We submit that... that record should be made... in front of the immigration judge. Maybe the AC? Or maybe the appellate commissioner? Or an appellate commissioner? The appellate commissioner. We'll have to see. Um... So, if there are any further questions... what we submit, Your Honor... I mean, there is an important factual dispute... about the underlying... the validity of that original deportation order. Mr. Morales, we submit... does have a right to be heard on that... and we submit that the case should be heard... in front of the immigration judge. I'm sorry? Yes, he does. He's married to a U.S. citizen... and has one U.S. citizen daughter. Thank you very much.
judges: Schroeder, Pregerson, Rymer, Kleinfeld, Thomas, Silverman, McKeown, Fisher, Berzon, Rawlinson, Callahan